UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| RICHARD ORVILLE TORP, | ) |
| Plaintiff, | ) Case No. 1:17-cv-161 |
| v. | ) Honorable Robert J. Jonker |
| UNITED STATES, et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by plaintiff.  Plaintiff refers to himself as "Richard Orville, Torp."[1]  His operative pleading is his "AMENDED COMPLAINT FOR DECLARATORY JUDGMENT TO CLEARLY IDENTIFY JURISDICTIONAL ELEMENTS OF TITLE 26 U.S.C./INTERNAL REVENUE CODE AND DAMAGES." (ECF No. 14 at PageID.244).  Plaintiff named the United States[2] and the Internal Revenue Service as defendants.

---

[1] Plaintiff's addition of a punctuation mark to his name is of no legal consequence. *See United States v. McKinney*, 375 F. App'x 479, 481-82 (6th Cir. 2010); *Muhammad v. Michigan Dep't of Corr.*, No. 1:17-cv-68, 2017 WL 743943, at *3 (W.D. Mich. Feb. 27, 2017); *DeFluiter v. Land*, No. 1:10-cv-421, 2010 WL 2539721, at *2 (W.D. Mich. June 15, 2010); *see also Baird v. Ammiyhuwd*, No. 1:16-cv-2017 WL 430772, at *2 (S.D. Ohio Jan. 31, 2017) (collecting cases).

[2] The amended complaint lists this defendant as (1) "United States of America in the capacity created by the Constitution for the United States of America, 1787"; (2) "UNITED STATES in the public municipal capacity created by federal statute and the District of Columbia Code of 1871"; and (3) "UNITED STATES in the private municipal corporate function created by federal statutes."  (ECF No. 14 at PageID.244).  The defendant is the United States. *See United States v. Stuler*, 396 F. App'x 798, 800 (3d Cir. 2010).

Plaintiff states that this is a declaratory judgment action to identify, resolve and settle: (a) "government corporation and public salary 'wage' taxing schemes jurisdictions"; (b) how he "is NOT subject to the jurisdictional elements of the corporation 'gain' and public 'wage' taxing jurisdiction/schemes"; (c) how he "is NOT subject to the jurisdictional elements of the social security taxing jurisdictions/schemes"; and (d) address "government "misconception[s]" regarding "federal taxing scheme jurisdictions as they apply to [p]laintiff." (*Id.* at PageID.251-52). Plaintiff seeks an award of damages and a variety of declaratory relief, including relief regarding his past, present, and future tax liability. (*Id.* at PageID.244, 317-18, 326).

The matter is before the Court on defendants' Rule 12(b)(6) motion (ECF No. 19) and plaintiff's Rule12(c) motion (ECF No. 26). For the reasons set forth herein, I recommend that judgment be entered dismissing all plaintiff's claims against defendants for lack of subject matter jurisdiction and that the pending motions be dismissed.

## Applicable Standards

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.' " *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Vander Boegh*, 772 F.3d at 1064. " 'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to

consider *sua sponte* whether they have such jurisdiction." *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Rule 12(b)(1) provides for dismissal based on "lack of subject-matter jurisdiction."[3]  FED. R. CIV. P. 12(b)(1).  Defendants' arguments that the Court lacks subject matter jurisdiction (ECF No. 20, PageID.482-83) would have been more appropriately made under Rule 12(b)(1) than Rule 12(b)(6).[4]  *See Stocker v. United States*, 705 F.3d 225, 229 (6th Cir. 2013); *see also Holy Love Ministry v. United States*, 612 F. App'x 837, 838 (6th Cir. 2015).

## Allegations

Plaintiff states that his name is Richard Orville, Torp.  (Am. Compl. ¶ 25, ECF No. 14, PageID.277).  He is not a corporation.  (*Id.* at ¶ 47, PageID.281).  Plaintiff is "NOT employed by the federal government or any federal agency, department,

---

[3] If defendants' motion had been based on both Rules 12(b)(1) and 12(b)(6), this Court would have been required to "consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *see also Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 904-05 (2016).  This procedural order is significant because if a district court lacks jurisdiction, it need not assess the validity of a claim, since this determination is an exercise of jurisdiction in itself.  *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

[4] "The Supreme Court has admonished courts to avoid 'drive-by jurisdictional rulings,' in which courts fail to properly distinguish dismissal for lack of subject-matter jurisdiction from failure to state a claim." *Knight v. Idea Buyer, LLC*, No. 17-3539, 2018 WL 580653, at *1 (6th Cir. Jan. 29, 2018) (citing *Arbaugh*, 546 U.S. at 511)).

bureau, office, division, sector, corporation, or federal state." (*Id.* at ¶ 84, PageID.286).

Plaintiff's wages were garnished "on 2/1/1998 through 10/31/2000" and "2/24/2002 through 6/15/2002."[5] (*Id.* at 75-76, PageID.318-19; ECF No. 14-12, PageID.438-43).

## Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377 (citations omitted); *see Mason v. Lockwood, Andrews & Newman*, P.C., 842 F.3d 383, 391 (6th Cir. 2016) ([T]here is a presumption against federal jurisdiction."). Federal court are obligated to consider *sua sponte* whether they have subject matter jurisdiction." *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d at 1064.

"The Internal Revenue Service is not an entity capable of being sued." *Abell v. Sothen*, 214 F. App'x 743, 750-51 (10th Cir. 2007); *see Marvin v. Cable*, No. 1:16-cv-135, 2016 WL 4479125, at *1 (W.D. Mich. Aug. 25, 2016); *Schultz v. United States, Internal Reveune Serv.*, No. 1:15-cv-1299, 2016 WL 10649270, at *4 (N.D.N.Y. May 6, 2016). "A suit purporting to bring claims against the IRS is deemed to be a

---

[5] Plaintiff is not asserting a claim under 26 U.S.C. § 7433. If he had asserted such a claim, it would be barred by the two-year statute of limitations. *See* 26 U.S.C. § 7433(d)(3).

suit against the United States." *Abell v. Sothen*, 214 F. App'x at 751.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (brackets, ellipsis, and internal quotation marks omitted). The burden is on the plaintiff to establish that the government has waived sovereign immunity. *See Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000); *see also United States v. Morton*, No. 1:16-mc-84, 2016 WL 8198848, at *2 (W.D. Mich. Nov. 28, 2016) ("It is clear that the United States is immune from suit absent its explicit consent and that the burden is on [the party claiming jurisdiction exists] to prove an explicit and unequivocal waiver of sovereign immunity."). "If [the plaintiff] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d at 795. Unless the United States waives its sovereign immunity, a plaintiff cannot bring suit against it for monetary damages. *United States v. Testan*, 424 U.S. 392, 399-400 (1976). Waivers of sovereign immunity must be expressed unequivocally and are "strictly construed" in favor of the government. *See Orff v. United States*, 545 U.S. 596, 601-02 (2005).

Plaintiff has not demonstrated that the claims he asserts in his amended complaint fall within a waiver of sovereign immunity. "The Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), prevents suits brought 'for the purpose of restraining the assessment or collection of any tax.'" *Agility Network Services, Inc. v. United States*, 848 F.3d 790, 796 (6th Cir. 2017) (quoting 26 U.S.C. § 7421(a)). "The object

of [section] 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962). In *Bob Jones University v. Simon*, the Supreme Court observed:

> The Anti-Injunction Act['s] . . . language could scarcely be more explicit — "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court . . ." The Court has interpreted the principal purpose of this language to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, "and to require that the legal right to the disputed sums be determined in a suit for refund."

416 U.S. 725, 736-37 (1974) (quoting 26 U.S.C. § 7421(a) and *Enochs*, 370 U.S. at 7); *see also Dunlap v. Lew*, No. 2:15-cv-2675, 2016 WL 2926310, at *4 (S.D. Ohio May 19, 2016) ("[T]o the extent [p]laintiff seeks injunctive relief regarding the future withholding of taxes from h[is] wage, such request is an attempt to restrain the collection of taxes and is barred by the Anti-Injunction Act.") (citation and quotation omitted).

The Declaratory Judgment Act exempts from its purview controversies with respect to federal taxes. 28 U.S.C. § 2201(a); *see Dickens v. United States*, 671 F.2d 969, 972 (6th Cir. 1982) ("[T]he Declaratory Judgment Act is not available 'with respect to Federal taxes.'") (quoting 28 U.S.C. § 2201). "[T]he federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *Bob Jones Univ.*, 416 U.S. at 732 n.7; *see Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013).

Dismissal of this lawsuit for lack of subject matter jurisdiction is appropriate.

*See Purk v. United States*, No. 89-3320, 1990 WL 10697, at *1-2 (6th Cir. Feb. 9, 1990); *see also Bufkin v. United States*, 522 F. App'x 530, 532-33 (11th Cir. 2013); *Bishop v. United States*, No. 15-1828, 2015 WL 4159475, at *3 (E.D. Pa. July 10, 2015).

### Recommended Disposition

For the foregoing reasons, I recommend that judgment be entered dismissing all plaintiff's claims against defendants for lack of subject matter jurisdiction. I recommend that the pending motions (ECF No. 19, 26) be dismissed.

Dated:  May 18, 2018                /s/ Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).