UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RICHARD ORVILLE TORP,

       Plaintiff,

v.

UNITED STATES, et al.,

       Defendants.

_____/

CASE No. 1:17-cv-161

HON. ROBERT J. JONKER

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 39) and Plaintiff's Objections (ECF Nos. 46 & 47). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Appellant's objections. After its review, the Court finds

that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

The Magistrate recommends that judgment be entered dismissing all of Plaintiff's claims against Defendants for lack of subject matter jurisdiction, and that Defendants' pending motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) (ECF No. 19) and Plaintiff's pending motion for judgment on the pleadings (ECF No. 26) be dismissed. In particular, the Report and Recommendation concludes that Plaintiff's claims are barred by operation of the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a) and the Declaratory Judgment Act 28 U.S.C. § 2201(a). Plaintiff makes several objections related to the application of the Tax Anti-Injunction act to his claim, none of which undermine the Report and Recommendations' analysis and recommendation.

Plaintiff first objects that, in considering the Tax Anti-Injunction Act *sua sponte*, the Magistrate Judge sprung a "surprise" and raised an argument that was never put forward by Defendants. This contention is entirely without merit. Plaintiff has failed to cite any statute in which the United States has waived its sovereign immunity with respect to the allegations in his Complaint. Moreover, the Magistrate Judge correctly held that Plaintiff's claims were barred by law. "The Tax Anti-Injunction Act . . . prevents suits brought 'for the purpose of restraining the assessment or collection of any tax.'" *Agility Network Services, Inc., v. United States*, 848 F.3d 790, 796 (6th Cir. 2017). "Thus, to the extent [Plaintiff] sought injunctive relief concerning the future withholding of taxes from [his] wages, the action is barred." *Dunlap v. Lew*, No. 16-3658, 2017 WL 9496075, at *2 (6th Cir. June 2, 2017). The Sixth Circuit has also rejected claims that the Tax Anti-Injunction Act does not apply to constitutional claims. *Id.* Moreover, to the extent that Plaintiff seeks a determination by the Court on his federal tax liabilities, the Court agrees with the Magistrate that the Declaratory Judgment Act prohibits such a determination. *See Hill*

*v. I.R.S.*, 991 F.2d 795 (table), 1993 WL 94001, at *1 (6th Cir. 1993). Finally, the Magistrate Judge did not err in reviewing the Complaint and applying the above considerations to conclude that this matter must be dismissed for lack of subject matter jurisdiction. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). In sum, the Magistrate Judge properly considered and applied the law in this case.

Plaintiff's last set of objections is to the form of the Report and Recommendation. Plaintiff contends that the Report and Recommendation understates the facts of the case, fails to accurately summarize the proceedings, and is misleading. These contentions are largely gibberish and merely present variations of tax protest arguments that have been soundly rejected by the courts. *See, e.g.*, *Baird v. Ammiyhuwd*, No. 1:16-cv-1152, 2017 WL 430772, at *2 (S.D. Ohio Jan. 31, 2017). Therefore, Plaintiff's objections are without merit and do not affect the disposition of the case, which is properly dismissed for the reasons recited by the Magistrate.

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (ECF No. 39) is **APPROVED and ADOPTED** as the opinion of This Court.

2. Defendants' motion to dismiss (ECF No. 19) and Plaintiff's motion for judgment on the pleadings (ECF No. 26) are **DISMISSED**,

3. This action is **DISMISSED** in its entirely for to lack of subject-matter jurisdiction

   A separate judgment shall issue.

Date:   June 8, 2018                    /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE